FILED & JUDGMENT ENTERED
Christine F. Ramsey

March 13 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **LUIS SALVADOR PEREZ**, ) | Chapter 13 |
| ) | Case No.: 25-30259 |
| Debtor. ) | |
| ) | |
| ) | |
| **AMERIS BANK**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **LUIS SALVADOR PEREZ**, ) | Adversary Proceeding |
| ) | No. 25-3026 |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **FERNANDO YCAZA**, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

### ORDER DENYING MOTION TO REVISE ORDER

**THIS MATTER** is before the court on the Motion to Revise Order Granting Motion to Dismiss Third-Party Claim Against Fernando Ycaza ("Motion") filed by the

Defendant/Third-Party Plaintiff ("Perez") on January 5, 2026. The December 22, 2025 Order Granting Motion to Dismiss Third-Party Claim Against Fernando Ycaza ("Order") dismisses Perez's unfair and deceptive trade practices claim against the Third-Party Defendant ("Ycaza") with prejudice. The Motion notes that Federal Rule of Civil Procedure 54(b)[1] treats orders partially resolving a lawsuit as final "only if the court expressly determines that there is no just reason for delay" and asks the court to revise its Order to either add the words from Rule 54(b) required for a final judgment or to change the dismissal of Perez's third-party complaint from with to without prejudice.

The court held a hearing on the Motion on January 27, 2026, and attorneys representing Perez, Ycaza, and the Chapter 13 Trustee appeared.[2] Perez's attorney argued that making his client wait to appeal the Order until after the court resolves all the claims in this adversary proceeding would be a huge expense and a waste of judicial resources and might require a second trial. He also said Ycaza could be required to participate in discovery if the Order is interlocutory and noted that the Trustee was confused about the relief requested in the Motion. Ycaza's attorney said he disagreed about his client being subject to discovery after the entry of the Order[3] but otherwise did not take a position on the Motion. The Trustee's attorney also did not take a position.

---

[1] Federal Rule of Bankruptcy Procedure 7054 makes Federal Rule of Civil Procedure 54(a)–(c) applicable to adversary proceedings.

[2] The court held the January 27 hearing by video conferencing due to inclement weather.

[3] The court indicated it agreed with Ycaza regarding whether he is subject to discovery post-dismissal.

2

Rule 54(b) provides:

> **Judgment on Multiple Claims of Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The rule sets up a presumption that an order dealing with some but not all claims in an adversary proceeding is interlocutory "to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). It also, however, allows trial courts to vary from the default rule by including a certain phrase ("there is no just reason for delay") in the order if "litigants . . . would suffer undue hardship" by waiting for the completion of the entire lawsuit. Id.

The Fourth Circuit endorsed a test for determining whether there is no just reason for delay based on the guidance of the Supreme Court and Third Circuit factors. Id. at 1335–36. The party seeking an exception to Rule 54(b) bears the burden of showing that an immediate appeal is appropriate. Id. at 1335 (citing Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 364[4] (3d Cir. 1975)). The first step

---

[4] Braswell Shipyards cites page 364 of the Federal Reporter, Second Series for this proposition from Allis-Chalmers, but it is on page 365.

3

of the test is to determine whether the judgment is " 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " Id. at 1335 (quoting Curtis-Wright[5] Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). If it is, the court should determine whether there is no just reason for delay, id. (citing Curtis-Wright, 446 U.S. at 8), through consideration of the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like,

id. at 1335–36 (quoting Allis-Chalmers, 521 F.2d at 364). The examination is "tilted from the start against fragmentation of appeals" and "necessarily case-specific." Id. at 1335 (quoting Spiegel v. Trs. of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988)).

The Motion does not contain any justification for its request to vary from the default rule or any authority in support of Perez's position and instead reads as if the omission of the magic words was simply an oversight by the court. See Motion at 2 ("The Dismissal Order dismissed Perez's third-party claim against Ycaza with prejudice, seemingly intending to enter a final judgment in Ycaza's favor, but the Dismissal Order contains no determination 'that there is no just reason for delay.' ").

---

[5] The correct name of the petitioner in this case is "Curtiss-Wright Corporation."

4

At the January 27 hearing, Perez argued that judicial economy and preventing unnecessary expense justified the relief sought in the Motion, but those are the goals of Rule 54(b)'s default rule. Perez claims that multiple trials could be required if his Motion is not granted, but multiple trials could also result from allowing an immediate appeal of the Order. An immediate appeal could also lead to inconsistent results in the trial and appellate courts.

The Braswell Shipyards test does not support the relief sought in the Motion. The Order is "final" in the Curtiss-Wright sense because it does resolve one claim in a multi-claim action, but the factors do not support a determination that there is no just reason for delay. The adjudicated and unadjudicated claims are closely related, as Perez argues that the fraud alleged by the Plaintiff was actually perpetuated by Ycaza. Future developments in the lawsuit might obviate the need for any appellate review since Perez might not seek appeal of the Order if the Plaintiff's claims against him fail. If the court allows an immediate appeal, the appellate court might have to consider the same claim again after the resolution of the remainder of the lawsuit. While there is no concern about the possibility of set off since Perez's claim failed, the miscellaneous factor is at best neutral as to Perez's position.

Similarly, there is no basis to grant Perez's alternate request for relief—changing the status of the dismissal of his claim from with to without prejudice. The language of the Motion suggests that Perez incorrectly believes there is a relationship between the type of dismissal and whether a court should allow an immediate appeal. There is no reference in Rule 54(b) or the Braswell Shipyards test to whether the

5

decision involved prejudice or not. An immediate appeal could be appropriate for a dismissal with or without prejudice, and the default rule might be well-suited to either type of dismissal. The application of prejudice to an order is not the determinative factor in whether to allow an immediate appeal pursuant to Rule 54(b).

Perez's Motion does not present sufficient justification for the court to revise its Order. The hardship identified by Perez from the delay of his ability to appeal is the normal type of hardship associated with an order resolving part of a lawsuit and not the undue hardship required to justify an immediate appeal. Accordingly, the court hereby **DENIES** the Motion.

    **SO ORDERED**.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |